LEÓN SEGUNDO GONZÁLEZ, Plaintiff and Appellant, *v.* LUCIANO COLÓN LEÓN, Defendant and Appellee.

No. 7127. Argued January 30, 1936.—Decided February 7, 1936.

*Luis Mercader* for appellant.  *E. Martínez Avilés* for appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

This is an action of unlawful detainer brought by León Segundo González against Luciano Colón for the eviction of the latter from a parcel of land of which the plaintiff has full ownership and which is held at sufferance by the defendant without any title or right whatsoever, as alleged in the complaint. It was further alleged and proved that on May 25, 1934, the same district court presided by the same judge, rendered a judgment dismissing a dominion title proceeding brought by the defendant herein, seeking to be adjudged the owner of the parcel the object of the present suit. The plaintiff also introduced in evidence an order of October 7, 1924, whereby the District Court of Arecibo approved a dominion title proceeding brought by the plaintiff herein affecting the same parcel in litigation.

The defendant set up as a special defense that for more than thirty-eight years, that is from 1897, he has been uninterruptedly in possession under claim of ownership, quietly, and peacefully, of the parcel of land involved in this proceeding. The lower court, after hearing the evidence, held that there was a conflict of titles which could not be adjusted in a summary action of unlawful detainer, and rendered judgment for the defendant. Feeling aggrieved by that judgment, the plaintiff took the present appeal, wherein he urges that the lower court erred in not holding that the defendant was estopped by the judgment rendered against him in the dominion title proceeding decided on May 25, 1934. The error assigned is nonexistent. Judgments rendered in dominion title proceedings do not constitute *res judicata*. This court has so held in the case of *The People* v. *Dimas et al.,* 18 P.R.R. 1019, and Barrachina expresses a similar

view when he says that: "a judgment in a dominion title proceeding is not a decision clothed with the sanctity of *res judicata* which would shield it from attack by those who were parties to the proceeding." 4 Barrachina 322. Morell in his work *"Legislación Hipotecaria,"* vol. 5, p. 529, says:

"In ordinary cases, the interested party files a petition and exhibits the title on which he relies, whether it is a public deed or a private document, and the proof consists of such instrument, the hearing of the transferor, and the testimony of witnesses; edicts are published, neither the district attorney nor any other person objects, and the ownership is declared. The law went no further. The regulations have greatly perfected this proceding.

"As to the nature and effects of the same; the judgment of March 21, 1910, establishes the following doctrine:

"Section 404 of the Mortgage Law (now section 400), which authorizes those who hold no recorded title or ownership to establish such ownership and record the same in the registry of property by means of the proper proceeding, and similarly section 397, in reference to the mere possession, confine themselves to the establishment of a special proceeding for the sole purpose of granting a possessory or dominion title to those who lack the same, and hence a decision terminating such proceedings contains no declaration or rights of any kind, nor does the resulting record in the registry constitute by itself a title of ownership, but only a guarantee of that recognized by law, for which reason those objecting to said proceedings or holding an interest therein may, after the decision has been consented to or affirmed on appeal, avail themselves of any remedy to which they may consider themselves entitled in the proper plenary suit."

It is further urged that the court committed grave and manifest error in weighing the evidence and imposing costs on the plaintiff despite the fact that he was seeking relief under a favorable decision previously made by the very judge who presided at the hearing of this case.

The plaintiff introduced oral and documentary evidence. The documentary evidence tended to show that he was the owner of a parcel of land described in the complaint and that judgment had been rendered against the defendant in a dominion title proceeding which involved the same parcel. The

oral evidence consisted in the testimony of Juan Maldonado and Celestino Collazo and in plaintiff's own statements. These witnesses testified that the defendant was in possession of the parcel in question, but they denied that they were in possession under claim of ownership. Juan Maldonado stated that he had known the property of the plaintiff León Segundo ever since the year 1917, when he moved to that neighborhood as he had purchased an adjoining property; that upon his arrival there he found Luciano Colón occupying twelve of the acres (*cuerdas*) of said property; that as to the events prior to that time he had no knowledge; that the defendant was working there; that he had never looked upon him as the owner of the property; that he had not seen the plaintiff working on said twelve acres. Celestino Collazo stated that he had long been acquainted with the property of León Segundo González, and that Luciano Colón held twelve acres; that he did not know to whom said twelve acres belonged; that the same did not belong to Luciano Colón; that he did not know whether they formed part of the property of León Segundo González; and that he had seen the defendant working there. The plaintiff testified that he let the defendant have the said twelve acres in order that he might "go upon them" and grow crops thereon; that he had asked him to vacate the premises but that he is still there; that said parcel is a part of his property which has an area of 133.89.

The evidence of the defendant consisted in the testimony of Domingo Pérez Hernández, Gregorio de León, Francisco Pérez, and Bautista Pérez Lugo, and in his own testimony. This evidence tended to show that the defendant had been in possession as owner of the parcel involved in this litigation, for a period of thirty years. The defendant testified that in 1897, his father-in-law, Faustino Vázquez, sold the said parcel to him and that the plaintiff had never been in possession thereof. Bautista Pérez Lugo stated that the defendant was in possession under claim of ownership and that

no one had challenged his title. Domingo Pérez testified that he had seen Luciano Colón occupying said property for more than thirty years; that the defendant had bought it from his father-in-law; that in 1920, while he was marshal of the Municipal Court of Manatí, he levied an attachment on said property in a suit brought by Polanco against Luciano Colón, and that is the reason why he is familiar with it; that said property had always belonged to Luciano Colón. Gregorio de León stated that he was forty-one years old and that he had known the defendant living on said property for about twenty-five or thirty years; that Luciano asserted that it belonged to him, and that he did not know it as a fact; that he had never seen the plaintiff on the twelve-acre parcel.

The lower court in its opinion said:

"'Both the evidence of the plaintiff and that of the defendant show that Luciano Colón has been in possession of a parcel of twelve acres which is identical with the one, the ownership of which he sought to establish in case No. 13617 above cited. Nor is there any doubt that Luciano Colón has been working for some years on said land, cultivating it and collecting its products; and that the possession of said parcel claimed by him dates from many years is shown by the testimony of the witnesses introduced by him, one of them being Domingo Pérez, who stated that in 1920 while he was marshal of the Municipal Court of Manatí, he went there to attach said twelve acres as belonging to Luciano Colón León.

"Has the defendant held possession of the said twelve acres through the mere tolerance of the plaintiff? That is the gist of the controversy to be determined in this case. The plaintiff in support of his position argues that as this court rendered judgment against hte defendant in the dominion title proceeding instituted by him, Luciano Colón León is not entitled to set up such possession. However, this court does not agree with that contention. The fact that in the proceeding to establish ownership instituted by Luciano Colón it was held that he had not saisfactorily shown that he had a right to such ownership can not be interpreted as indicating that he also had no right to the possession. That was a case—we refer to Civil Case No. 13617—where the present defendant sought to be adjudged the owner of certain land, and an interested party objected thereto and when in cases of this kind an opposition is set up,

the right of the ownership claimed must be very clear in order to be successful. In view of the cloud that hung over the proceeding from the moment objection was made, the judge concluded that the proper thing to do was to deny the petition. But there is a fact which speaks eloquently in favor of the defendant herein, and that is, that the circumstance that he sought to be adjudged as owner of the said twelve acres carries with it the presumption that his possession was not of the kind held through the tolerance of third persons and that he could claim some right thereto although it might be an elementary one.

"So that the issue on this case of unlawful detainer is a very simple one. On the one hand, León Segundo González claims to be the owner of 133.89 acres and that the defendant has been withholding twelve acres thereof without his consent. On the other hand, Luciano Colón León claims to be the owner of said twelve acres as he acquired them thirty-eight years ago and as he has been in possession thereof for so long a period of time that he instituted a dominion title proceeding which, had it not been for the objection raised, he might have been successful. He further claims that his twelve acres were included by the plaintiff in a dominion title proceeding which was prosecuted without his knowledge."

The existence of a conflict of title clearly appears from the evidence introduced. Such conflict must be settled in a proper plenary suit and not in the special and summary proceeding of unlawful detainer. *Landrón* v. *Saldaña,* 8 P.R.R. 418; *Del Valle* v. *Andréu et al.,* 11 P.R.R. 398; *Mehrhoff* v. *Rodríguez et al.,* 14 P.R.R. 56; *Elzaburu* v. *Chaves et al.,* 15 P.R.R. 16; *Pesquera* v. *Fernández,* 16 P.R.R. 223; *Torres et al.* v. *Pérez,* 18 P.R.R. 557; *Andino* v. *Canales,* 27 P.R.R. 262; *Honoré* v. *Vargas,* 34 P.R.R. 182; *Massini* v. *Rivera et al.,* 35 P.R.R. 54; *Hernández et al.* v. *Padilla,* 35 P.R.R. 469; *Brunet* v. *Court,* 45 P.R.R. 871.

As to the award of costs, we will not disturb the action taken by the lower court in the exercise of its discretionary powers.

The judgment appealed from must be affirmed.